[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16755
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cv-61149-DPG

MARTIN DIEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 8, 2020)

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before WILSON, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This appeal is on remand from the Supreme Court of the United States for us to reconsider the denial of Martin Diez's petition for writ of habeas corpus, 28 U.S.C. § 2254. In his petition, Diez argues that (1) counsel was ineffective for failing to request Venezuelan custody documents for use at trial, and (2) the state committed a *Brady*[1] violation by withholding those documents from Diez. In our prior opinion, we decided that the relevant decision on the merits for our review was the Florida appellate court's decision affirming, without further explanation, the state trial court's denial of Diez's post-conviction motion. Because the state appellate court did not state its reasoning, we determined that Diez had to show that there was no reasonable basis for the state court's denial of relief, citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011). We then affirmed the district court's denial of Diez's § 2254 petition, concluding that Diez's claims failed because he could not establish prejudice for his ineffective-assistance-of-counsel claim, given the substantial evidence presented at trial supporting his convictions. We concluded that Diez's *Brady* claim failed for the same reasons, noting that the prejudice analysis is the same for both ineffective-assistance-of-counsel claims and *Brady*-violation claims. *See Brown v. Head*, 272 F.3d 1308, 1316 (11th Cir. 2001).

The Supreme Court granted Diez's petition for writ of *certiorari*, vacated our decision, and remanded for us consider to Diez's petition in light of *Wilson v.*

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

*Sellers*, 584 U.S. ___, 138 S. Ct. 1188 (2018) (holding that when the relevant state court decision on the merits does not state the reasons for its decision, a federal habeas court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale.").

Therefore, we must "look through" the Florida appellate court's decision to the Florida trial court's decision denying Diez's motion for post-conviction relief. The state trial court determined that counsel's failure to obtain Venezuelan custody documents did not prejudice Diez "to the extent that the result of the trial was rendered unreliable and there [was] no reasonable probability of a different result had the alleged deficiency or omission not occurred."

A federal court may only grant habeas relief on a claim adjudicated on the merits in state court if the state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In our earlier decision, under a de novo review looking for any reasonable basis to support the state court's decision, we denied Diez's habeas petition because he failed to establish prejudice. The state trial court denied Diez's post-conviction motion based on the same reasoning, and that same reasoning

3

supports our denial of Diez's habeas petition today.  And although Diez argues that

the state trial court's decision was silent as to his *Brady* claim, the state court

specifically found that Diez was not prejudiced by counsel's failure to obtain the

custody documents, and, as we noted in our prior opinion, the analysis for

prejudice is the same for ineffective-assistance-of-counsel and *Brady*-violation

claims.  Therefore, we conclude that the state trial court's decision was not

contrary to, or an unreasonable application of, clearly established federal law, and

it was not based on an unreasonable determination of the facts.  28 U.S.C.

§ 2254(d).  Accordingly, we affirm.

**AFFIRMED**.